**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SHANE CHESSER,** | : | CASE NO. 1:23-cv-706 |
| **Plaintiff,** | : | |
| v. | : | JUDGE: |
| **PLUMB TITE LLC,** | : | |
| and | : | **PLAINTIFF'S COMPLAINT** |
| **DAVE TALBERT, JR.,** | : | |
| and | : | |
| **JAMES OWEN,** | : | |
| **Defendants.** | : | |

COMES NOW Plaintiff Shane Chesser ("Plaintiff"), by and through his undersigned legal counsel, and for his Complaint against Defendants Plumb Tite, LLC ("Plumb Tite"), Dave Talbert, Jr. ("Talbert"), and James Owen ("Owen") (collectively, "Defendants") alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. He is a former employee of Defendants.

2. Defendant Plumb Tite is a Kentucky limited liability company with its principal place of business located at 516 W. Main St., Mason, Ohio.

3. Defendant Talbert is a Member of Defendant Plumb Tite.

4. Defendant Owen is a Member of Defendant Plumb Tite.

1

5. The Court has jurisdiction over Plaintiff's Complaint because his claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

6. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with his federal claims.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendants are otherwise subject to the personal jurisdiction of Ohio and this Court by, among other things, regularly transacting business in Ohio and registering to do business in the state of Ohio.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendants as an HVAC Lead Tech from April to September 2023.

9. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, and Plaintiff was their "employee" within the meaning of the FLSA.

10. Plaintiff's job duties were almost exclusively related to providing HVAC and plumbing services to residential customers in both Ohio and Kentucky. He did not have authority to hire or fire employees, he had no weight or merit in personnel decisions, and he did not complete employee evaluations.

11. At least once per week, Defendants required Plaintiff to report to his home office in Mason, Ohio for meetings.

12. Plaintiff routinely worked in excess of 40 hours per week.

13. Defendants were aware that Plaintiff worked hours in excess of 40 hours in a week.

14. Plaintiff was compensated at $52,000 per year plus commissions, which were approximately $1,000 per month.

15. At all relevant times, Plaintiff was a "blue-collar" worker not otherwise exempted from the overtime requirements of federal and Ohio law.

16. Plaintiff was not paid time and a half of his regular rate of pay for hours worked in excess of 40.

17. Upon information and belief, Defendants Talbert and Owen are responsible for the pay practices contained herein.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (As to All Defendants)

18. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

19. Section 207 of the FLSA requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

20. Defendants permitted Plaintiff to work more than 40 hours in a workweek without overtime compensation.

21. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

22. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

23. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count II: Violation of Ohio Revised Code § 4111.01, *et seq.*
### Failure to Pay Overtime
### (As to All Defendants)

24. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

25. Ohio Rev. Code § 4111.03 requires employers to pay non-exempt employees one- and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

26. Ohio Rev. Code § 4111.10 makes employers who violate Ohio Rev. Code § 4111.03 liable to the affected employees in the amount unpaid wages, costs, and attorneys' fees.

27. Defendants violated Ohio Rev. Code § 4111.03 by failing to compensate Plaintiff at the required overtime rate.

28. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count III: Violation of Ohio Revised Code § 4113.15(B)
### (As to Defendant Plumb Tite)

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants have violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiff in a timely fashion.

30. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

31. Defendant Plumb Tite has failed and refused to fully compensate Plaintiff in the form of overtime pay within the allotted time.

32. As a direct and proximate result of Defendant Plumb Tite's unlawful actions, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby demands judgment against Defendants as follows:

1. For an award of all unpaid wages, commissions, and other benefits to which he is entitled;
2. For liquidated damages in the amount required by law;
3. An award of post-judgment interest;
4. For reasonable attorneys' fees and costs in the prosecution of this action; and
5. Any and all further relief the Court determines to be just and equitable.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (96706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6659
(513) 943-6669 (fax)
matt@finneylawfirm.com
*Attorney for Plaintiff*