UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHANE CHESSER, | : | |
| | : | Case No. 1:23-cv-00706 |
| Plaintiff, | : | |
| | : | Judge: Hon. Michael R. Barrett |
| vs. | : | |
| | : | |
| PLUMB TITE, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

### JOINT MOTION TO APPROVE SETTLEMENT

Now come Plaintiff Shane Chesser ("Plaintiff") and Defendants Plumb Tite, LLC, Dave Talbert, Jr., and James Owen ("Defendants") (collectively the "Parties"), by and through their undersigned counsel and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and move this Court for an Order approving settlement of the parties as memorialized in the Settlement Agreement and Release (the "Agreement"). The Agreement is attached hereto as **Exhibit A**.

As ground for this Joint Motion, the Parties state:

1. This action asserts wage and hour claims under the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. The Parties have engaged in significant arm's-length settlement negotiations.

3. The Agreement sets forth, among other terms, the nature of the dispute and the amount to be paid to Plaintiff by Defendants in resolution of this matter. Under the Agreement, the Parties have agreed to dismissal of this action with prejudice upon approval of this Motion by the Court and the Parties' full performance of their obligations set forth in the Agreement.

1

4. FLSA settlements must generally be approved by a Court or the United States Department of Labor. *See, e.g.,* 29 U.S.C. § 216; *Mercer v. Knox Educ. Serv. Ctr.*, No. 2:21-cv-5092, 2022 U.S. Dist. LEXIS 187881 at * 2 (S.D. Ohio Oct. 13, 2022).

5. In reviewing a proposed FLSA settlement, courts must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Murrell v. Transamerica Agency Network, Inc.*, No. 2:20-cv-2559, 2021 U.S. Dist. LEXIS 7027 at *2 (S.D. Ohio Jan. 14, 2021). In doing so, courts must scrutinize the settlement to ensure it is "(1) the product of a bona fide dispute, (2) fair, reasonable, and adequate, and (3) reached through arms-length negotiation." *Waters v. To You*, No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084 at *7 (S.D. Ohio Aug. 1, 2022) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982)). A court may properly approve an FLSA settlement once it has determined the settlement was "reached through arms-length negotiation [and] is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994 at *19 (S.D. Ohio May 30, 2012) (*citing In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 371-72 (S.D. Ohio 2006)).

6. In determining whether a proposed settlement is fair, reasonable, and adequate, a court is required to consider and balance the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Murrell v. Transamerica Agency Network, Inc.*, No. 2:20-cv-2559, 2021 U.S. Dist. LEXIS 7027 at *3 (S.D. Ohio Jan. 14, 2021) (*citing Chime v. Family Life Counseling & Psychiatric Servs.*, No. 1:19-cv-2513, 2020 U.S. Dist. LEXIS 214765 at *3 (N.D. Ohio Nov. 17, 2020).

7. The Parties respectfully request this Court approve the settlement as memorialized in the Agreement because it is a fair, reasonable, and adequate resolution of a bona fide dispute and the result of significant arms-length negotiations. Though this action is in the early stages of litigation, the Parties have already taken affirmative steps to investigate the nature of Plaintiff's claims, including exchanging Defendants' payroll and corporate vehicle GPS records. The Parties have further engaged in multiple rounds of settlement negotiations since the aforementioned exchange.

8. The settlement reflects a reasonable compromise of the disputed issues and evaluations by both sides of the likelihood of success on the claims and defenses, and the costs, uncertainties, and inconveniences of trial and appeal. Moreover, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced wage and hour counsel. The Parties, therefore, submit that the totality of the proposed settlement as contained in the Agreement is fair and reasonable and the fairness factors weigh in favor of approval of the settlement.

9. The Agreement provides for the payment of Plaintiff's attorneys' fees and expenses. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). When a proposed settlement provides for an award of attorney's fees, such fees must be reasonable. *Pittman v. B-Lovette, LLC*, No. 5:23-cv-1812, 2023 U.S. Dist. LEXIS 219496 at *3 (N.D. Ohio Dec. 11, 2023). Pursuant to the terms of the Agreement, Defendants have agreed to and do not oppose Plaintiff's Counsel's award of fees and expenses of **$2,300.00** incurred in this action.

WHEREFORE, for the foregoing reasons, the Parties respectfully request this Court to approve the settlement as memorialized in the Agreement, to dismiss the Action with prejudice, and to retain jurisdiction over performance of the Agreement.

Dated: February 8th, 2024                                         Respectfully submitted,

*/s/ Matthew S. Okiishi*                                          */s/ Allison L. Goico*
Matthew S. Okiishi (OH 96706)                        Allison L. Goico (OH 0088777)
FINNEY LAW FIRM, LLC                                   Brian D. Hills (OH 0103834)
4270 Ivy Pointe Blvd., Suite 225                       DINSMORE & SHOHL LLP
Cincinnati, OH 45245                                          255 E. Fifth Street, Suite 1900
T: (513) 943-6659                                                 Cincinnati, OH 45202
F: (513) 943-6669                                                 T: (513) 977-8200
matt@finneylawfirm.com                                 F: (513) 977-8141
                                                                              allison.goico@dinsmore.com
                                                                              brian.hills@dinsmore.com

*Attorney for Plaintiff*                                          *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8th, 2024 I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

*/s/ Allison L. Goico*
Allison L. Goico